IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM T. McCOY, JR.,

                Petitioner,

v.

MARC CLEMENTS,
Warden, Dodge Correctional Institution,

                Respondent.

ORDER

15-cv-167-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      William T. McCoy, Jr. has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he raises the following challenges to 2007 convictions for intentional homicide and firearms violations: (1) the evidence was insufficient to prove intent; (2) he did not receive a public trial because the proceedings continued after normal business hours; and (3) trial counsel was ineffective by failing to impeach the state's witnesses. (In various places in the petition, McCoy refers to a fourth ground, but he never identifies it.) Petitioner has paid the $5 filing fee, so his claim is ready for screening under Rule 4 of the Rules Governing Section 2254 Cases. Having reviewed the petition, I cannot allow petitioner to proceed at this time because he concedes that he has not exhausted his remedies in state court with respect to his claim for ineffective assistance of counsel.

      Before a federal court may consider the merits of a state habeas petitioner's claims, the petitioner must exhaust the remedies available to him in the state courts. 28 U.S.C. §

1

2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004). When the petitioner has already pursued his state court remedies but failed to properly present his claims to the state courts along the way, "it is not the exhaustion doctrine that stands in the path to habeas relief . . . but rather the separate but related doctrine of procedural default." Perruquet, 390 F.3d at 514. The procedural default doctrine requires that state prisoners "not only become ineligible for state relief before raising their claims in federal court, but also that they give state courts a sufficient opportunity to decide those claims before doing so." O'Sullivan, 526 U.S. at 854 (Stevens, J., dissenting). Under the procedural default doctrine, a federal court is precluded from reaching the merits of a habeas claim if the petitioner either 1) failed to present his claim to the state courts and it is clear that those courts would now hold the claim procedurally barred; or 2) presented his claim to the state courts but the state court dismissed the claim on a state procedural ground independent of the federal question and adequate to support the judgment. Perruquet, 390 F.3d at 514 ; Moore v. Bryant, 295 F.3d 771, 774 (7th Cir. 2002); Chambers v. McCaughtry, 264 F.3d 732, 737-38 (7th Cir. 2001).

If a petitioner has procedurally defaulted a claim, a federal court cannot reach the merits of that claim unless the petitioner demonstrates either (1) that (1) he has cause for the default and actual prejudice from failing to raise the claim as required or (2) that enforcing the default would lead to a "fundamental miscarriage of justice." Steward v. Gilmore, 80 F .3d 1205, 1211-12 (7th Cir. 1996) (quoting Wainwright v. Sykes, 433 U.S. 72, 87 (1977)).

Petitioner concedes that he did not present his claim for ineffective assistance of counsel to the state courts, but he says that the reason was ineffective assistance of his appellate counsel in failing to raise the issue. Ineffective assistance of counsel can establish "cause" for a procedural default. However, in Edwards v. Carpenter, 529 U.S. 446 (2000), the Supreme Court held that because the assertion of ineffective assistance as a cause to excuse a procedural default in a § 2254 petition is itself a constitutional claim, the petitioner must have raised this claim first to the state court or he has procedurally defaulted it. Id. at 452-53. It appears that petitioner never presented a claim of ineffective assistance of either trial or appellate counsel to the state courts.

Thus, the question is whether petitioner still may exhaust his claims by presenting the claim of ineffective assistance of counsel to the state courts. 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."). Wisconsin's statute governing post conviction motions, Wis. Stat. § 974.06, allows defendants to attack their convictions collaterally on constitutional grounds after expiration of the time for seeking a direct appeal or other post conviction remedy. However, a petitioner is procedurally barred from raising a claim in a post conviction motion that he could have raised on direct appeal unless he has a "sufficient reason" for not raising the issue on direct appeal. State v. Escalona-Naranjo, 185 Wis. 2d 168, 185, 517 N.W.2d 157, 164 (1994); Wis. Stat. § 974.06(4). Ineffective assistance of post conviction or appellate counsel may provide a sufficient reason. State ex rel. Rothering

3

v. McCaughtry, 205 Wis. 2d 675, 682, 556 N.W. 2d 136, 139 (Ct. App. 1996) (describing procedure for challenging effectiveness of postconviction counsel); State v. Knight, 168 Wis. 2d 509, 520, 484 N.W.2d 540, 544 (1992) (appellate counsel).  Thus, there are avenues of relief available to petitioner in the state courts through which he could present his claim that his lawyer was ineffective for failing to raise his additional claims on appeal.  The fact that the state courts may not rule in petitioner's favor does not mean he can ignore the exhaustion requirement.  Cawley v. DeTella, 71 F.3d 691, 695 (7th Cir. 1995); White v. Peters, 990 F.2d 338, 342 (7th Cir. 1993).

      Rose v. Lundy, 455 U.S. 509 (1982), instructs federal district courts to dismiss a petition like this one that presents a mix of exhausted and unexhausted claims.  Id. at 510.  Alternatively, the petitioner may choose to amend his petition by deleting the unexhausted claims and then proceed solely on the exhausted claim.  Id. at 520.  Under Rhines v. Weber, 544 U.S. 269, 277 (2005), courts may stay unexhausted claims in situations in which outright dismissal of a mixed petition could jeopardize the petitioner's ability to later file a timely habeas petition, such as when the petitioner files his application "close to the end of the 1-year" statute of limitations.  Id. at 275.  In this case, the Wisconsin Supreme Court denied McCoy's petition for review on March 17, 2014, State v. McCoy, 2014 WI 22, 353 Wis. 2d 449, 846 N.W.2d 14; he did not file his habeas petition in this court until March 13, 2015, only a few days before his one-year deadline.  Because of the short amount of time left before the statute of limitations expires, a stay is more appropriate than a dismissal.

      Under most circumstances, I would give petitioner the opportunity to decide whether

4

he prefers to abandon his unexhausted claims and proceed solely on the claims that have been exhausted. However, petitioner states in his petition that he wants the court to "[a]llow the petitioner to return to state court and exhaust all of his state remedies," dkt. #1 at 16, so it is unnecessary to ask petitioner for his preference.

Accordingly, I am directing the clerk of court to close this case administratively while petitioner exhausts his remedies in state court. Once he completes that process, he is free to move to reopen this case and seek a determination on the merits on all of his exhausted claims.

ORDER

IT IS ORDERED that the clerk of court is directed to CLOSE this case administratively. Once petitioner William T. McCoy, Jr. exhausts his remedies in state court, he may move to reopen this case.

Entered this 1st day of April, 2015.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge